**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**KAREN BAILEY,**

       **Plaintiff,**

v.                                          **Case No. 3:07cv324/MCR**

**DEPARTMENT OF CORRECTIONS,
STATE OF FLORIDA,**

       **Defendant.**
_____/

**O R D E R**

This employment case is before the court on defendant Department of Corrections' motion to dismiss.[1] (Doc. 15). Plaintiff has responded in opposition. (Doc. 17).

In her amended complaint plaintiff states that Counts I, II, and III are brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.; the Florida Civil Rights Act ("FCRA") of 1992, Fla. Stat. § 760.01, et seq.; and 42 U.S.C. § 1981. She also asserts claims of negligent hiring and retention (Count IV) and defamation (Count V) under state law. In her response to defendant's motion to dismiss, plaintiff concedes the correctness of defendant's contention that her claims brought pursuant to § 1981 fail. Defendant's motion is therefore granted, to the extent that plaintiff's claims pursuant to § 1981, as set forth in Counts I, II, and III of the amended complaint are dismissed.

---

[1] Defendant has also filed a motion for summary judgment which, as the court explains below, shall be addressed by separate order at the court's earliest opportunity. Defendant's pending motion to strike shall also be addressed at that time.

Plaintiff also concedes the correctness of defendant's arguments for dismissing her defamation claim, which is alleged in Count V.[2] Defendant's motion is therefore granted, and Count V of the amended complaint is dismissed.

The other grounds for dismissal raised by defendant in its motion to dismiss pertain to Count IV, plaintiff's claim of negligent hiring and retention. Because defendant also seeks dismissal of Count IV in its motion for summary judgment, for reasons of judicial economy the court will deny the motion to dismiss as to Count IV without prejudice. It will address all of the parties' arguments with respect to Count IV when it rules on defendant's motion for summary judgment on plaintiff's Title VII and FCRA claims.

As a final matter, in responding to defendant's argument for dismissal of the § 1981 claims, plaintiff makes a vague reference to obtaining leave to amend her complaint. Plaintiff failed, however, to move formally for leave to amend, to explain why amendment would be appropriate, or to adequately identify the specific claims she desires to amend. Leave to amend is therefore denied, without prejudice.[3]

Defendant's request for attorney's fees is also denied.

Accordingly, it is ORDERED:

1. Defendant's motion to dismiss (doc. 15) is GRANTED in part and DENIED in part:

    a. The motion to dismiss is GRANTED, to the extent plaintiff's § 1981 claims against defendant Department of Corrections, as set forth in Counts I, II, and III of the amended complaint are dismissed, with prejudice. Plaintiff's defamation claim against

---

[2] The court nevertheless notes that in her response to defendant's motion for summary judgment plaintiff argues very briefly against dismissal of the defamation claim (one-sentence argument) and the negligent hiring/retention claim (three-sentence argument).

[3] Plaintiff has not filed a proposed amended complaint, as provided by the local rules of this court. See N.D.Fla.Loc.R. 15.1. The court also notes that plaintiff's instant amended complaint fails to comply with Local Rule 5.1(B)(3), which requires all documents tendered for electronic filing to be double-spaced. If plaintiff intends to move for leave to amend her complaint she should do so immediately, observing all requirements of the federal and local rules of procedure. The court expresses no opinion as to whether it would be appropriate to grant leave to amend, though it notes the real possibility of prejudice to defendant at this late date.

the Department of Corrections, Count V, is also dismissed, with prejudice.

        b.     The motion to dismiss is DENIED, without prejudice, as to Count IV, plaintiff's claim of negligent hiring and retention. The court shall address the parties' arguments regarding Count IV in connection with defendant's motion for summary judgment, at which time it shall also address plaintiff's Title VII and FCRA claims.

2.     Plaintiff's request for leave to amend is DENIED, without prejudice.

3.     Defendant's request for attorney's fees is DENIED.

DONE and ORDERED on this 23rd day of July, 2008.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**